UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION. NO. 10-110-KSF

EARLENE CONNER                                                                                                            PLAINTIFF

v.                                         **OPINION & ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                  DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

The plaintiff, Earlene Conner, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for period of disability, disability insurance benefits, and Supplemental Security Income based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

Conner filed her claim for benefits on October 20, 2005, alleging an onset date of April 17, 2001 [TR 28]. After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on October 22, 2007 [TR 13-23]. At the time the ALJ rendered his decision, Conner was 41 years old. [TR 20, 23, 349-50]. She graduated from high school and attended two and one half years of college [TR 20, 352-53]. Conner has past relevant work experience as a customer support representative for computer technology and as an assembler [TR 22, 54]. She claims that she is disabled due to seizures, a bulging disc in her back, asthma, carpel tunnel syndrome, heart murmurs, arthritis, nerve problems, neuropathy in her fingers, high blood pressure and diabetes [TR 37].

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2) If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The ALJ began his analysis by determining that Conner has met the insured status requirements of the Social Security Act through December 31, 2005 [TR 15]. At step one, the ALJ determined that Conner has not engaged in any substantial gainful activity since her alleged onset date of April 17, 2001 [TR 15]. At step two, the ALJ found that Conner suffers from the severe impairment of obesity (206 pounds, 63 inches tall) [TR 16-18]. Continuing on to the third step, the ALJ determined that Conner does not have an impairment or combination of impairments that meets or medically equals in severity any of the listed impairments [TR 18].

The ALJ then determined that, based on the medically determinable evidence, Conner has the residual functional capacity ("RFC") to perform the exertional and nonexertional requirements of work, except for work above the medium exertional level because of her obesity. Also, because of her body habitus, the ALJ determined that she should avoid exposure to hazards such as unprotected heights and dangerous machinery [TR 18]. At the hearing the vocational expert classified Conner's past relevant work as a customer service representative as sedentary and unskilled to semi-skilled, and her past relevant work as an assembler as light and unskilled. Based on her RFC, the ALJ determined at the fourth step that Conner is capable of performing her past relevant work  As a result, the ALJ determined that she was not disabled [TR 23].

The ALJ's decision that Conner is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review on August 6, 2007. [TR 6] Conner has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## II.    GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## III.   ANALYSIS

On appeal, Conner argues generally that the ALJ's decision is not supported by substantial evidence or decided by proper legal standards. However, after reviewing the medical records and administrative transcript, the Court disagrees. Her medical records simply do not confirm the severity of her alleged symptoms or in any way indicate that her condition was of disabling severity. The January 21, 2006 consultative examination by Dr. Rami Kahwash [TR 246-248] fully supports the ALJ's decision, as does the assessment of the state agency physician who reviewed Conner's

medical records [Tr 301-02]. Additionally, the state agency psychologist reviewed Conner's medical records and opined on February 21, 2006 that she suffered no severe mental impairment [TR 258-71]. With the exception of records submitted after the ALJ's decision, which are discussed below, the record does not contain any records from a treating or examining physician who indicates that Conner has limitations beyond those found by the ALJ. Thus, there is simply no evidence in the record, other than Conner's subjective complaints, which contradict the ALJ's RFC finding. As the ALJ noted, despite Conner's allegations of disabling pain and other symptoms, she continues to perform a variety of daily activities, including caring for her two small children, cooking, attending football games, shopping for groceries, and watching television [TR 22, 352, 370-73, 377]. This level of activity is simply not consistent with disabling limitations, especially when there is a lack of supporting medical evidence.

After the ALJ issued his decision, Conner submitted additional evidence to the Appeals Council related to her hospitalization in May 2009 [TR 316-44]. The Appeals Council considered the evidence, but ultimately declined Conner's request for review [TR 6-8]. This Court cannot consider that evidence. As explained by the Sixth Circuit:

> where the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider the new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision. The district court can, however, remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material and that there is good cause for not presenting the evidence in the prior proceeding.

*Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996); *see* 42 U.S.C. § 405(g). In order to be material, a claimant "must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with

5

the new evidence." *Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1989). Here, the additional evidence does not satisfy this requirement.

The new evidence reveals that Conner was hospitalized in May 2009 for chest pain, a hypertensive crisis, and new onset diabetes mellitus type 2 [TR 318]. She was started on insulin for her diabetes. While in the hospital, her symptoms were relatively well-controlled by medication and she was discharged two days later in a much improved condition [TR 318]. The fact that her hypertension and diabetes were well-controlled with proper medication therapy supports the ALJ's conclusion that she is not disabled and therefore is not material.

Conner also attached to her brief a note from Dr. Harold S. Moberly, dated June 4, 2009, stating that she is disabled due to poorly controlled diabetes mellitus 2; poorly controlled hypertension; osteoarthritis, worse in her knees; and frequent asthma attacks [DE 6-1]. However, Dr. Moberly's opinion is simply not supported by his clinical notes [TR 277-285]. Without treatment records or objective findings to support his conclusory opinion, his opinion is not entitled great weight. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d); *Walters*, 127 F.3d at 529-30; *Cutlip*, 25 F.3d at 287. Thus, Dr. Moberly's opinion does not create a reasonable probability that the ALJ would have reached a different disposition on Conner's claim. Moreover, Conner has failed to come forward with a valid reason for failing to obtain this opinion prior to her hearing in light of the fact that Dr. Moberly treated her from March 2000 to April 2006 [TR 277-85].

For these reasons, the Court will not consider the new evidence submitted to the Appeals Council or to this Court. Based on a review of the record before the Court, there is substantial evidence in support of the ALJ's decision that Conner is not disabled.

## IV. CONCLUSION

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that the decision of the Commissioner is **AFFIRMED** as it was supported by substantial evidence and was decided by proper legal standards.

This October 21, 2010.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge